FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2006 DEC 11 A 10: 48
CLERK L. LaVictoire
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LAWRENCE RUPERT SMITH,

Plaintiff,

vs.

TODD THOMAS, Warden; PEGGY COOPER, Assistant Warden, and JUDITH SMITH, Chaplain,

Defendants.

CIVIL ACTION NO.: CV505-080

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate currently incarcerated at Autry State Prison in Pelham, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was incarcerated at Coffee Correctional Facility in Nicholls, Georgia. Defendants Thomas, Cooper, and Smith ("Defendants") filed a Motion to Dismiss, and Plaintiff responded. Defendants filed a supplement to their Motion, to which Plaintiff responded. By Order dated September 20, 2006, the undersigned notified the parties that Defendants' Motion to Dismiss was being converted into a Motion for Summary Judgment and allowed the parties ten (10) days to file any additional desired documents.[1] For the following reasons, Defendants' Motion should be **GRANTED**.

[1] Plaintiff filed a Motion for Summary Judgment on the merits of his claims prior to the undersigned's September 20, 2006, Order. Defendants filed a Response and their own Motion for Summary Judgment. Plaintiff filed several documents in response. However, based on the undersigned's analysis of Defendants' converted Motion to Dismiss, it is unnecessary to address the parties' Motions for Summary Judgment.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendants violated his First, Fourth, Eighth, and Fourteenth Amendment rights by forbidding the practice of his "Zionist religious believes (sic)." (Compl., p. 5.) Plaintiff asserts that Defendant Thomas denied him the use of religious books, tapes, and CDs to study his religion. Plaintiff avers that Defendant Smith would not provide him a place to worship, although other groups have been provided facilities. Plaintiff alleges that he and other Zionist Christian Church followers are "scared" to practice their religion because Defendants Cooper and Smith threatened to place them into segregation. (Id.) Plaintiff also contends that Defendant Smith directed the mail room to deny delivery of religious materials he ordered.

Defendants assert that Plaintiff failed to exhaust his administrative remedies prior to filing the instant cause of action, and, as a result, his Complaint should be dismissed.

## STANDARD OF DETERMINATION

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving party. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury

AO 72A
(Rev. 8/82)

or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants contend that Plaintiff filed an informal grievance based on the allegations he sets forth in his Complaint on September 30, 2005. Defendants also contend that Plaintiff filed a formal grievance on the same issues on October 20, 2005. Defendants allege that Plaintiff filed a timely appeal on November 7, 2005, which was denied on December 13, 2005. Defendants assert that Plaintiff filed his Complaint on November 16, 2005, and admits in his form Complaint that his appeal was pending at the time he filed his Complaint. (Doc. No. 15, p. 3.)

AO 72A
(Rev. 8/82)

Plaintiff avers that he filed an informal grievance on September 30, 2005, and that a response was due from prison officials on or before October 10, 2005. Plaintiff asserts that he did not receive a response until October 18, 2005, which was untimely. Plaintiff also asserts that Defendants did not request an extension of time to respond to his informal grievance. (Doc. No. 17, p. 8.) Plaintiff contends that, because the response to his informal grievance was untimely and no extension of time was requested, he exhausted all available administrative remedies.

Title 42, United States Code, Section 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995 ("PLRA"), sets forth the procedures a prisoner must follow to access the courts. Section 1997e(a) provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In Porter v. Nussle, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002), the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523, 122 S. Ct. at 987. Thus, even when the prisoner is seeking relief not provided for under the grievance process, exhaustion is still a prerequisite to his filing suit. Id. at 524, 122 S. Ct. at 988; Booth v. Churner, 532 U.S. 731, 732, 121 S. Ct. 1819, 1821, 149 L. Ed. 2d 958 (2001). It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000) (citing Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. See id.

AO 72A
(Rev. 8/82)

At the completion of the informal grievance procedure, an inmate may request a formal grievance form. An inmate must return the formal grievance form to his counselor within five (5) business days of his receipt of the written response to the informal grievance. (Doc. No. 34, Ex. A, Standard Operating Procedure IIB05-0001, § VI(C), ¶¶ 1-2.)[2] Once an inmate receives a response to his formal grievance, he may file an appeal with the Commissioner's Office. (Doc. No. 34, Ex. A, Standard Operating Procedure IIB05-0001, § VI(C), ¶¶ 12-15.) The Commissioner's Office has 90 calendar days after the receipt of the formal grievance appeal to respond. (Doc. No. 34, Ex. A, Standard Operating Procedure IIB05-0001, § VI(D), ¶ 5.) If the response time is exceeded and there has not been a request for a ten (10) day extension, an inmate may appeal his grievance to the Commissioner's Office. (Doc. No. 34, Ex. A, Standard Operating Procedure IIB05-0001, § VI(A), ¶ 11.)

The evidence before the Court reveals that Plaintiff filed Informal Grievance Number 6201 on September 30, 2005, and received a response on October 18, 2005. (Doc. No. 15, Ex. A.) Plaintiff filed Formal Grievance Number 0569-05-0436 on October 20, 2005. Plaintiff received the response to this grievance on November 7, 2005. (Doc. No. 15, Ex. B.) On the same date, Plaintiff filed an appeal with the Commissioner's Office, and Plaintiff's appeal was denied on December 13, 2005. (Doc. No. 15, Ex. C.) Plaintiff's Complaint is dated November 9, 2005, and was filed with the Clerk of Court of November 16, 2005. (Doc. No. 1.) Plaintiff admits in his Complaint that he filed an appeal on the

---

[2] Plaintiff submitted the Standard Operating Procedure which was effective June 1, 2004. The Court is unsure if this was the Procedure in place at the time Plaintiff's grievances were pending; however, this is the only copy of the Procedure detailing the grievance process the Court received.

denial of his formal grievance, but his appeal was pending at the time he signed his Complaint. (Compl., p. 4.) In addition, there is no evidence other than Plaintiff's bare assertion that he filed an appeal to the Commissioner's Office on October 19, 2005, regarding the untimely response to his informal grievance. It appears that Plaintiff did file Emergency Grievance Number 6229 with the Commissioner's Office on October 17, 2005, but this grievance deals with an issue unrelated to the allegations Plaintiff sets forth in his Complaint or his allegation that he did not receive a response to his informal grievance in a timely manner. (Doc. No. 17, Ex. A.) Plaintiff did not exhaust his available administrative remedies prior to filing his Complaint.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Motion filed by Defendants (Doc. No. 15) be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing his Complaint.

**SO REPORTED** and **RECOMMENDED**, this 11th day of December, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)