FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 JAN 22  AM 9: 59

CLERK
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### WAYCROSS DIVISION

LAWRENCE RUPERT SMITH,                          :
                                                 :
     Plaintiff,                               :
                                                 :
   vs.                                          :        CIVIL ACTION NO.: CV505-080
                                                 :
TODD THOMAS, Warden; PEGGY                       :
COOPER, Assistant Warden, and                    :
JUDITH SMITH, Chaplain,                          :
                                                 :
     Defendants.                              :

## O R D E R

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed.   In his Objections, Plaintiff contends that he filed Informal Grievance Number 6201 on September 30, 2005, and he was to receive a response on or before October 10, 2005, according to the applicable Standard Operating Procedure.  Plaintiff did not receive a response to his Informal Grievance until October 18, 2005, and he filed formal Grievance Number 0569-05-0436 on October 20, 2005.  Plaintiff stated in this grievance that he was rejecting the informal grievance response because it was untimely; Plaintiff also rejected the response based on the denial of the request set forth in the informal grievance.  (Doc. No. 15, Ex. A, p. 2.)  The Warden did not address Plaintiff's assertion that the response to his informal grievance was untimely, nor did Plaintiff address this contention in the appeal of the denial

AO 72A
(Rev. 8/82)

of his grievance, which was filed on November 7, 2005. (Doc. No. 15, Exs. B-C.) Plaintiff avers that he filed his Complaint on November 16, 2005, before his appeal was answered "in order to stop all this harrassments (sic)." (Doc. No. 54, p. 3.)

Plaintiff admits that he did not exhaust his administrative remedies prior to filing his Complaint.  This admission should close this matter at this time.  However, the undersigned wishes to point out a few things.  Plaintiff's Grievance Number 0569-05-0436 addressed more than one issue– Plaintiff's complaints over his religious practices and the untimeliness of the informal grievance response.  It is unlikely the Warden would have responded at all to this grievance, as the grievance was not in the proper form.  See Standard Operating Procedure IIB05-0001, § VI(C), ¶ 4 (noting that only one issue may be addressed per formal grievance, and any grievance addressing more than one issue or which addresses an issue not identified on the informal grievance will be rejected).

The Court recognizes that Plaintiff could not possibly have set forth in Informal Grievance Number 6201 that the response to this grievance was untimely.  Plaintiff filed another informal grievance (Number 6220), which he called an "emergency grievance", and he asserted that his first informal grievance was not responded to in a timely manner. However, Plaintiff pursued the grievance procedure as to his first informal grievance by filing a formal grievance and appealing the decision reached on the formal grievance. Plaintiff filed his Complaint in this Court while his appeal was pending with the Georgia Department of Corrections.

Plaintiff's Objections are without merit.  The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.  Defendants' Motion (Doc. No. 15) is **GRANTED**.  Plaintiff's Complaint is **DISMISSED**, without prejudice, due to Plaintiff's

AO 72A
(Rev. 8/82)

failure to exhaust his available administrative remedies prior to filing his Complaint. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

SO ORDERED, this 22ND day of JANUARY, 2007.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3

AO 72A
(Rev. 8/82)